UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
VITTORIO INFANTI and INFANTI
INTERNATIONAL, INC.,

                             Plaintiffs,

   -against-

GEORGE SCHARPF, individually, and as
Chairman of the Board of Directors and
President & CEO of Amboy National Bank
a/k/a Amboy Bancorporation; GEORGE
SCHARPF HOLDINGS LLC; STANLEY
KOREYVA, JR., individually, and as CFO               MEMORANDUM AND ORDER
and Board member of Amboy National                        06 CV 6552 (ILG)
Bank a/k/a Amboy Bancorporation and
Senior V.P. of Amboy National Bank;
AMBOY NATIONAL BANK; ELIZABETH
KAVLAKIAN; EKI, LLC, a New Jersey
corporation; GEORGE SCHARPF as
Chairman and Member of Board of
Directors of A.N.B.; the BOARD OF
DIRECTORS OF AMBOY NATIONAL
BANK; the INDIVIDUAL MEMBERS OF
THE BOARD OF A.N.B.; PETER W.
DAVIS, Member of the Board of A.N.B.,

                             Defendants.
-----------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

       On December 8, 2006, Plaintiffs Vittorio Infanti ("Infanti") and Infanti International Inc. ("Infanti International") (collectively, "Plaintiffs") filed this action against Defendants George Scharpf, George Scharpf Holdings LLC, Stanley Koreyva, Jr., Amboy National Bank ("Amboy"), Elizabeth Kavlakian, EKI, LLC ("EKI"), the Board of Directors of Amboy, and Peter W. Davis (collectively, "Defendants"). From what the

Court can glean from the complaint, Plaintiffs allege that Defendants tortiously interfered with the business of Infanti International and defrauded Infanti by, *inter alia*, conspiring to use Infanti International as a vehicle through which Scharpf, the President of Amboy, and Kavlakian, Infanti's now ex-wife, would acquire Plaintiffs' customer list and divert funds in order to start their own chair manufacturing business, EKI, and that their acts were ratified by the members of the Board of Directors of Amboy.

In response to the complaint, Amboy and Scharpf's counsel sent letters to Plaintiffs' counsel demanding that he withdraw the complaint for failure to comply with Federal Rules of Civil Procedure 8 and 11. See Affidavit of Helen A. Nau, dated January 3, 2007, Exs. F. & G. Plaintiffs' counsel responded that the complaint was well-pleaded and abided by the Rules. Id., Exs. H & I. Defendants Amboy and Scharpf now move this Court for an order dismissing Plaintiffs' complaint for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8").[1]

## DISCUSSION

### A. Standard

Rule 8(a)(2) provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to give the named defendant fair notice of the claims asserted against him so that he may file a responsive answer. Salahuddin v. Cuomo, 861 F.2d 40,

---

[1] Infanti earlier filed a similar complaint which spanned 11 pages and consisted of 62 paragraphs and 8 counts against Scharpf, EKI, Koreyva, and Amboy. Id., Ex. A. Infanti voluntarily dismissed this complaint after receiving letters similar to the ones described above from Amboy and Scharpf's counsel. Id., Exs. B, C, & D.

42 (2d Cir. 1988). "Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quotation omitted). Compliance with Rule 8 also allows courts to determine whether the doctrine of *res judicata* is applicable to the allegations in the complaint. Id. at 16.

A complaint should be short and precise because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin, 861 F.2d at 42 (quotation omitted). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).[2]

The Court has several options with respect to complaints in violation of Rule 8. The Court may strike any portions of the complaint it finds redundant or immaterial pursuant to Fed. R. Civ. P. 12(f), or it may dismiss the complaint in its entirety. Salahuddin, 861 F.2d at 42. Dismissal of a complaint in its entirety should be "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. It is also within the Court's discretion to grant leave to amend the complaint. Id. Because the Second

---

[2] It is noteworthy that the Supreme Court recently decided that a plaintiff must allege enough factual matter in a complaint to render the allegations plausible on their face to survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Here, the prolix and rambling nature of the complaint prevents the Court from determining whether there exist "enough facts to state a claim to relief that is plausible on its face." Id.

Circuit has expressed a preference for adjudicating cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement.  Id.

### B. Analysis

It is plain that Plaintiffs' complaint fails to comply with Rule 8.  The complaint is far from a short and concise statement of the facts and allegations.  The complaint spans 90 pages, consists of 500 numbered paragraphs and 27 counts, and references 124 pages of exhibits, including charts offered by Plaintiffs to elucidate the relationships between Defendants and the alleged acts.  That chaotic jumble drives the Court to exercise its discretion and dismiss the complaint in accordance with the Rule.

Over the course of these 500 paragraphs, Plaintiffs attempt to convey a tumultuous confusion of fraudulent schemes designed to steal Plaintiffs' customer base and goodwill in the chair manufacturing industry.  The first 183 paragraphs, for example, which purport to detail the factual underpinnings of the complaint, consist of rambling accusations and moral condemnation of Defendants.  The following two paragraphs are illustrative:

> The bank [sic] Board of Directors are wrong.  Wrong without redemption unless it implements changes.  To hold otherwise requires that the bank place a warning on its premises [sic] "Warning this bank may be dangerous to your monetary health[.]"  Keep your wits about you, the banker you are speaking to may want to conspire with your wife to take over your business, or the business of your children.  Beware, wear a banking hard hat in this area.
>
> Cigarettes have a warning on the packaging, must bank buildings also carry such warnings, when the public enters [Amboy] must parents tightly hold the hands of their children?

Compl. ¶¶ 62-63.[3]  Defendants may be understandably hard put to respond to these "allegations" in any meaningful way, and requiring them to answer such a pleading would "fly in the face of the very purposes for which Rule 8 exists."  Lonesome v. Lebedeff, 141 F.R.D. 397, 398 (E.D.N.Y. 1992).

The counts also lump Defendants together without clearly linking specific wrongs to them individually.  A complaint that "lump[s] all the defendants together and fail[s] to distinguish their conduct[,] . . . fail[s] to give adequate notice to the [] defendants as to what they did wrong."  Appalachian Enters., Inc. v. ePayment Solutions Ltd., 01 CV 11502 (GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).  "It is not the duty of . . . [D]efendants or this Court to sift through the Complaint and guess which factual allegations support which claims.  Rule 8(a) places the burden squarely upon the plaintiff to clearly and succinctly state its claims."  Discon Inc., 1992 WL 193683, at *16.

---

[3]  The following paragraph is another example of the complaint's long-winded and confusing allegations:

> The Board should ask [sic] What right does the bank CFO have to bestow bank money upon the plaintiff Vittorio Infanti's 32 year old wife, while they are married?  What Machievelian [sic] banking rule makes it ok to engage her in a conspiracy 13 monts [sic] into her marriage whereby she becomes "pres." of a corporation, named after her by the banks CEO?  What banking beneficence dictates a reward to such a woman that she is given, at what ever [sic] price, a bank asset, one of the banks [sic] many mortgage assets underpinning the security of the entire bank, an asset whose cumulative presence provides commercial solace for the entire customer base?  Where is it written that the bank foreclosure rules inure to the benefit of the CEO when he takes an appraised $5,000,000 – property from Vittorio then keeps it in his [George Scharpf Holding's] wallet after paying $800K?  Where is it written that it is OK to allow an [sic] [Infanti International's] alleged "Overdraft of $330,000 – to be given when there is a $16,000,000 – judgment, existing against the other plaintiff, etc etc etc.  What part of the CFO's duties & the Boards [sic] oversight responsibilities allow for intentional ignorance of such circumstances.  What part of banking sanity allows the bank in a recent matter to fail to file mortgages.  What parts of the Banks [sic] Fire alarm System or its "Customer Fair Ethical Treatment System" has had its "copper piping" stolen by these CPA touting officers.  The Board must take, [sic] some blame.  It must solve some basic problems, it must open the eyes,[] & remove the sand.  The defendants [sic] actions are everyday including Sunday today Dec. 3,[] 2006.

Compl. ¶ 58.

Plaintiffs have resoundingly failed to do so.

Plaintiffs' counsel, while admitting that the complaint is "not a thing of beauty," and not an appropriate forum for satire, nevertheless seeks to justify the length and complexity of the complaint as necessary to properly establish a framework for Plaintiffs' allegations of RICO conspiracy and fraud. Pl. Br. at 5. That attempt at justification is an exquisite manifestation of a failure to understand the essence of Rule 8. That "plaintiffs assert [] RICO claims does not justify [a] verbose complaint." Pahmer v. Greenberg, 926 F. Supp. 287, 294 n.2 (E.D.N.Y. 1996). "[A]lthough RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2) and Rule 8(e)(1)." Roberto's Fruit Market, Inc. v. Schaffer, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998) (quoting Pahmer, 926 F. Supp. at 294 n.2).[4] In response to Defendants' Rule 8 motion, Plaintiffs' counsel also suggests that striking paragraphs 54, 57, 63, 66, 90, 111, 135, 150, and 151, and counts 23 and 24, would cure the deficiencies in the complaint. However, even if the Court were to strike these paragraphs and counts, the remainder of the complaint would still suffer from the same infirmities that the Court noted above. It is the structure of the complaint as a whole that fails to provide Defendants notice of the precise allegations against them.[5]

---

[4] Because Plaintiffs' complaint is in clear violation of Rule 8, the Court need not consider whether the complaint also violates Rule 9(b) with respect to the RICO claims for which Plaintiffs allege mail and wire fraud as predicate acts. The Rule 9(b) "heightened pleading standard is not an invitation to disregard[] Rule 8's requirement of simplicity, directness, and clarity." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

[5] Plaintiffs' counsel also reasons that, because he encountered "[d]ifficulty in deciphering the facts of the case, over many months using interpreters, at times, to try to understand what plaintiff was saying," the length of the complaint should be excused. Pl. Br. at 4. The Court has little sympathy for Plaintiffs' counsel. Any difficulty counsel may have experienced interacting with his client does not excuse counsel's

Because the Second Circuit has expressed a strong preference for adjudicating disputes on their merits, Plaintiffs should be afforded another opportunity to clearly and concisely present their allegations in a manner that will give both Defendants and the Court notice of their claims. The Court accordingly grants Plaintiffs leave to amend their complaint within 20 days of this Order with the admonition that scrupulous attention be paid to Rule 8 at the risk of dismissal if it is not.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED, and Plaintiffs will be permitted to file an amended complaint within 20 days of this Order.

SO ORDERED.

Dated:      Brooklyn, New York
               June 10, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge

---

decision to draft the complaint in the manner he did.

    Plaintiffs' counsel also begs the Court to relax or dispense with the requirements of Rule 8 based on allegations that Defendants are currently engaged in criminal activity. See Pl. Br. at 13 (citing New Jersey Court Rule 1:1-2). However, the Court is aware of no legal basis for relaxing the already lenient notice pleading requirements of Rule 8. Application of a New Jersey court rule of practice in this context would render meaningless the purposes that the federal pleading requirements were designed to address.

Copies of the foregoing memorandum and order were electronically sent to:

<u>Counsel for Plaintiffs</u>:

Thomas L. Irwin, Esq.
Thomas L. Irwin, P.A.
21 Franklin Avenue
Nutley, NJ 07110

<u>Counsel for Defendant George Scharpf</u>:

Eugene Jr. Killian, Jr., Esq.
Killian & Salisbury, P.C.
77 Brant Avenue
Suite 115
Clark, NJ 07066

<u>Counsel for Defendants Stanley Koreyva, Jr., Amboy National Bank, the Board of Directors of Amboy National Bank, and Peter W. Davis:</u>

Dennis Thomas Kearney, Esq.
Pitney Hardin Kipp & Szuch
P.O. Box 1945
Morristown, NJ 07962