UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VITTORIO INFANTI and
INFANTI INTERNATIONAL, INC.,

        Plaintiffs,                                    Memorandum and Order
                                                              06 Civ. 6552

    - against -

GEORGE SCHARPF, et al.,

        Defendants.
------------------------------------------------------------x
GLASSER, United States District Judge:

       Before the Court is a motion by Vittorio Infanti ("Infanti" or "plaintiff") seeking reconsideration of the Court's Memorandum & Order dated February 14, 2012, granting summary judgment to defendants and denying plaintiff's motion for partial summary judgment. See Infanti v. Scharpf, No. 06 Civ. 6552 (ILG), 2012 WL 511568 (E.D.N.Y. Feb. 15, 2012) ("the Order"). Familiarity with the underlying facts and extensive procedural history of this case is presumed.

       Plaintiff's motion cites no pertinent rules of civil procedure or relevant case law.[1] However, based on plaintiff's arguments, the Court construes this motion as one brought pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the motion must be DENIED.

---

[1] Plaintiff cites almost exclusively to California State Law. See Plaintiff's Memorandum of Law ("Pl.'s Mem.") at 6 (Dkt. No. 60).

1

### 1. Plaintiff Has Presented no "Newly Discovered Evidence"

As far as the Court can discern, plaintiff argues the judgment must be vacated for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) ("Rule 60(b)(2)"); see Plaintiff's Motion for Reconsideration at 2 (Dkt. No. 60) ("[The motion] has been filed in part based on facts different from those asserted on Plaintiff's original Motion., denominated as newly discovered Evidence.").[2]

In order to succeed on a motion pursuant to Rule 60(b)(2), a movant must meet an "onerous standard" by showing that: 1) the newly discovered evidence was of facts in existence at the time of the dispositive proceeding; 2) he was justifiably ignorant of those facts despite due diligence; 3) the evidence is admissible and of such importance that it probably would have changed the outcome; and 4) the evidence is not merely cumulative or impeaching. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).

Plaintiff's motion fails because plaintiff was not ignorant of the evidence. The "newly discovered evidence" consists of plaintiff informing his attorney, for the first time, of various events and conversations that occurred in 2002 when he attempted to borrow money from an investor, Ekmel Anda ("Anda"), in order to discharge the judgment obtained against him by George Gasser ("Gasser"). See Declaration of Thomas L. Irwin dated February 27, 2012 (Dkt. No. 60); Declaration of Vittorio Infanti dated February 27, 2012 (Dkt. No. 60). Plaintiff has known this information for ten

---

[2] Because the motion and memorandum of law contains inconsistent numbering of paragraphs and pages, the Court cites to the page numbers assigned by ECF. Where the Court quotes from plaintiff's memorandum, all errors are in the original.

years.  Withholding evidence from one's counsel until after the judgment does not render the evidence "newly discovered."  Plaintiff cites no authority or justification for this definition of "newly discovered evidence," nor can he, for such a rule would be self-defeating.

Plaintiff also submits an affidavit from a forensic accountant recalling work he performed as far back as 2007 and speculating on additional evidence of wrongdoing that may be obtained through further analysis of various records.  See Declaration of Mario Perez dated March 4, 2012 (Dkt. No. 61).  Mr. Perez's recollections are not "newly discovered" and his declaration demonstrates nothing more than that plaintiff did not conduct a diligent search of the discovery available to him.

Plaintiff also alleges, for the first time, injuries on behalf of his Argentinean business "Top Line."[3]  Plaintiff goes so far as to seek to amend his complaint to add Top Line as a plaintiff.  See Pl.'s Mem. at 9.  For more than a decade, plaintiff has been aware of his ownership of Top Line.  For the reasons set forth previously, this can hardly be considered new evidence.

### 2. Plaintiff Fails to Show Any Other Reason that Justifies Relief

Plaintiff raises a number of other arguments the Court construes as a motion pursuant to Rule 60(b)(6), for "any other reason that justifies relief."  Because the grant of a Rule 60(b) motion affords the movant "extraordinary judicial relief, it is invoked

---

[3] "What is alleged is that Vittorio Infanti was actively engaged in running his own business, known at that time as "TOP LINE."  It was this business that George Scharpf interfered with.  Had George Scharpf not telephoned Vittorio Infanti at the Sheridan Hotel in Argentina, No injury would have occurred."  Pl.'s Mem. at 8; see also id. at 25 ("Top Line is an entity that suffered injury due to a RICO violation. . . . The defendants controlled Infanti's business Top Line & caused said business to suffer injury . . . .").

3

only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Liljeberg v. Health Sys. Acquisition Corp., 486 U.S. 847, 863, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) ("Motions brought under Rule 60(b)(6) should be granted only in 'extraordinary circumstances.'"). "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Gov't Employees Ins. Co. v. Hollis Medical Care, P.C., 10 Civ. 4341 (ILG) (RML), 2011 WL 5507426, *2 (E.D.N.Y. Nov. 6, 2011) (quoting Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not simply a second opportunity for the movant to advance arguments already rejected." Koehl v. Warden, No. 00 Civ. 6499 (NGG), 2007 WL 680767, at *1 (E.D.N.Y. Mar. 2, 2007) (internal quotation marks omitted).

    a. Second Cause of Action: RICO

The Court granted summary judgment to defendants' on plaintiff's RICO claim, finding that the only injuries alleged were to the corporation Infanti International, Inc. ("the Corporation"), not Infanti, and Infanti did not have standing to bring claims on behalf of the Corporation. Because Infanti lacked standing, the Court did not address the sufficiency of the predicate acts. Nevertheless, in his motion for reconsideration, plaintiff alleges numerous new predicate acts:

> The Court is perhaps ignoring the fact that there exists in this case, serious criminality, including (1) hijacking in interstate commerce, (2) assault on Plaintiff, (3) Embezzlement; (4) attempted murder, culprits unknown (5) Obstruction of Justice (known actors) one of whom may be wrapped into a "moving money scheme" . . . (6) Money

4

> Laundering. It is respectfully argued that each of these events satisfy RICO regarding Injury to Business or property of the plaintiff . . . .

Pl.'s Mem. at 15; see also id. at 16 ("[T]he court cited merely two predicate acts, when there are hundreds of said acts weekly where the secret EKI is operating out of this bank."). These conclusory allegations fall far below the standard for Rule 60(b)(6) and are not relevant to the grounds on which summary judgment was granted.

### b. Sixth Cause of Action: Breach of Fiduciary Duty

The Court granted summary judgment to defendants on plaintiff's claim for breach of fiduciary duty on the grounds that plaintiff demonstrated no more than a debtor-creditor relationship with Amboy and Scharpf and, as a matter of law, that relationship is not a fiduciary one. In his motion, plaintiff alleges defendants committed numerous criminal and tortious acts against him. As far as the Court can discern, plaintiff asks that the Court find a breach of fiduciary duty as a result of these crimes. See Pl.'s Mem. at 15 ("The Court is being asked to jealously guard certain phrases of the law, 'debtor creditor' & to not notice the crimes committed by these conspirators."); id. at 19 ("The criminal events described certainly transcend a mere 'debtor creditor relationship' excuse, and they are far in excess of an ephemeral Fiduciary relationship."); id. at 22 ("Respectfully it seems that serious crimes . . . abound, & yet there is no fiduciary violation."). As a matter of law and logic, even if plaintiff's allegations were credited, it would not resuscitate his claim. The commission of a tort or crime against a plaintiff does not create a fiduciary relationship and plaintiff's arguments are without merit.

5

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 9, 2012

                                                   ____/s/_____
                                                   I. Leo Glasser, U.S.D.J.