UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

VITTORIO INFANTI and
INFANTI INTERNATIONAL, INC.,

        Plaintiffs,                             Memorandum and Order

                                                                    06 Civ. 6552 (ILG) (RLM)

    - against -

GEORGE SCHARPF, et al.,

        Defendants.
----------------------------------------------------------x

GLASSER, United States District Judge:

       More than twenty-four years ago, George Gasser and the Gasser Chair Company sued Vittorio Infanti ("Infanti") and the Infanti Chair Manufacturing Company ("Infanti Chair") for trade dress infringement and obtained a judgment in excess of $15 million. Infanti then sought to evade that judgment for a number of years by, among other things, (1) filing for bankruptcy on behalf of himself and Infanti Chair (which did not discharge the judgment against either one) and (2) incorporating Infanti International, Inc. ("Infanti International") to conduct the same business on the same premises as the bankrupt Infanti Chair, which the Court subsequently found to be a successor in interest to Infanti Chair and thus liable for the judgment. The full history of those cases, Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp., 88 Civ. 3931, and Gasser v. Infanti Int'l, Inc., 03 Civ. 6413, is reflected on docket sheets of 312 and 497 entries, respectively, and is summarized in 2008 WL 2323367 (E.D.N.Y. June 2, 2008) and 2011 WL 2183549 (E.D.N.Y. June 3, 2011), familiarity with which is assumed.

1

Infanti then commenced the instant action, claiming that he was deceived by George Scharpf, previously his co-conspirator in evading the Gasser judgment, and those he deemed to be Scharpf's cohorts: George Scharpf Holdings LLC, Amboy National Bank and its Board of Directors, Stanley Koreyva, EKI LLC, and Elizabeth Kavlakian (collectively, "defendants"). His allegations are described in a prior Memorandum and Order, familiarity with which is assumed. See Infanti v. Scharpf, No. 06-cv-6552, 2012 WL 511568 (E.D.N.Y. Feb. 15, 2012) ("Order"). In short, Infanti claims that defendants controlled Infanti International, secretly set up a competing chair manufacturing company called EKI, and gave information about Infanti International to EKI while "hid[ing] their self interest in all transactions." Amended Complaint dated June 25, 2008 ("Am. Compl.") ¶¶ 61–64 (Dkt. No. 13). Infanti and Infanti International allege (1) RICO violations, (2) interference with contract, (3) breach of fiduciary duty, and (4) negligence. Infanti International subsequently stipulated to the dismissal of its four claims, leaving the same four claims asserted by Infanti in his individual capacity. Dkt. No. 41.

The Court then granted summary judgment to all defendants except for Kavlakian on those four claims and denied Infanti's motion for partial summary judgment. See Order at 18. Kavlakian now moves for summary judgment on the breach of fiduciary duty claim, the only claim remaining against her.[1] For the following reasons, Kavlakian's motion is GRANTED.[2]

---

[1] Kavlakian was previously proceeding pro se and did not move for summary judgment along with the other defendants. Upon the Court's request, Rene Kathawala, Esq. agreed to represent Kavlakian on a pro bono basis and subsequently filed the pending motion.

[2] The Court's prior Order dismissed the RICO claim because Infanti lacked standing and dismissed the interference with contract claim because Infanti failed to establish essential elements of the claim. These determinations necessarily apply to Infanti's claims against

## BACKGROUND

The facts pertinent to the single claim before the Court are as follows. Infanti incorporated Infanti International on February 9, 1999. Gasser, 2011 WL 2183549, at *3. His children were the sole shareholders; to continue evading the Gasser judgment, Infanti never owned an interest in the company. Gasser v. Infanti Int'l, Inc., No. 03-cv-6413, 2008 WL 2876531, at *3 (E.D.N.Y. July 23, 2008); Infanti, 2012 WL 511568, at *4. Infanti met Kavlakian in November 2000 and offered her a job at Infanti International. Defendant Elizabeth Kavlakian's Local Rule 56.1 Statement ("Kavlakian 56.1") ¶¶ 1–2 (Dkt. No. 74-1). Kavlakian began working for Infanti International the following month. Id. ¶ 2. Infanti and Kavlakian married in September 2001. Id. ¶ 3.

In 2002, Scharpf created a company called EKI which, notably, are the initials of Kavlakian. Gasser, 2008 WL 2323367, at *7, 9; Plaintiff Vittorio Infanti's Opposition to Summary Judgment Motion ("Pl.'s Opp'n") at 4 (Dkt. No. 75). He has acknowledged that EKI, which he solely owned, was formed for the purpose of acquiring the assets of Infanti International. Gasser, 2008 WL 2323367, at *7. Kavlakian resigned her position at Infanti International on February 11, 2004. Kavlakian 56.1 ¶ 5. Shortly thereafter, Scharpf hired Kavlakian as president of EKI. Id. ¶ 7. EKI has since acquired the assets of Infanti International, including the "Infanti" trademark, and sells chairs bearing the mark. Infanti, 2012 WL 511568, at *8.

Infanti and Kavlakian divorced in September 2006. Kavlakian 56.1 ¶ 3.

---

Kavlakian which were therefore dismissed as well. See Order at 18. The negligence claim was brought solely against Amboy's Board of Directors.

**DISCUSSION**

**I.     Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (quotation omitted).

The moving party bears the burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. Id. at 322–23. To defeat a motion for summary judgment, the nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)), and cannot "rely on conclusory allegations or unsubstantiated speculation." Id. (quotation omitted).

A court deciding a motion for summary judgment must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (quoting

4

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  The Court can take judicial notice of judgments in the prior related proceedings before this Court that involved the same parties.  Infanti, 2012 WL 511568, at *2.

## II.     Breach of Fiduciary Duty Claim

Under New York law, "[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom."  Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011).  Infanti fails to establish that Kavlakian owed him a fiduciary duty.

As the Court previously noted, Kavlakian's marriage to Infanti does not itself create a fiduciary relationship.  Order at 15 (citing United States v. Chestman, 947 F.2d 551, 568 (2d Cir. 1991) ("[M]arriage does not, without more, create a fiduciary relationship.")).  Rather, Infanti must establish a fiduciary duty based on their business relationship.  "At the heart of the fiduciary relationship lies reliance, and de facto control and dominance."  Chestman, 947 F.2d at 568 (quotation omitted).  "The relation 'exists when confidence is reposed on one side and there is resulting superiority and influence on the other.'"  Id. (quoting Mobil Oil Corp. v. Rubenfeld, 339 N.Y.S.2d 623, 632 (Civ. Ct. 1972)).  "One acts in a 'fiduciary capacity' when 'the business which he transacts . . . is not his own or for his own benefit, but for the benefit of another person . . . .'"  Id. at 568–69 (quoting Black's Law Dictionary 564 (5th ed. 1979)).

Infanti fails to support his claim that Kavlakian was his superior at Infanti International or controlled the company beyond merely saying so.  See Pl.'s Opp'n at 4.  Indeed, his submissions do not impart any information about the relative degrees of control that he and Kavlakian exerted over the company.  Moreover, even if Kavlakian's

position at Infanti International created a fiduciary duty to the company, it did not thereby create such a duty to Infanti.  See Koal Indus. Corp. v. Ashland, S.A., 808 F. Supp. 1143, 1163 (S.D.N.Y. 1992) ("Because fiduciary duties generally are said to be owed to a corporation and not to a particular stockholder, the enforcement of such duties must be in the name of the corporation." (citations omitted)).  Although "an exception exists where an individual stockholder suffers an injury separate and distinct from that suffered by other shareholders," id., Infanti was never a shareholder, let alone one who suffered a distinct harm.  See Order at 7–8; Declaration of Rene Kathawala, Ex. 2 (Infanti Dep.) at 86–88, 92 (Dkt. No. 74-6).

## CONCLUSION

Because Infanti presents no evidence that Kavlakian owed him a fiduciary duty, Kavlakian's motion for summary judgment is GRANTED.

**SO ORDERED.**

Dated:    Brooklyn, New York
         May 3, 2013

/s/ ILG
I. Leo Glasser
United States District Judge